10160

GREENVILLE NURSERY CO. v. SOUTHERN RY. CO. *ET AL.*

(98 S. E. 326.)

MAGISTRATES—APPEAL — RETURN — CONCLUSIVENESS. — Where appellant's exceptions to acts of magistrate are predicated upon facts contrary to those stated in return of magistrate to Circuit Court, they cannot be considered on appeal to Supreme Court.

Before SPAIN, J., Greenville, Fall term, 1917.    Affirmed.

Action by the Greenville Nursery Company against the Southern Railway Company and the Carolina, Clinchfield & Ohio Railway Company. From a judgment in favor of the plaintiff, the first named defendant appeals.

The exceptions and grounds of appeal referred to in the opinion are:

1. Because the Circuit Judge erred in not sustaining appellant's first exception from the judgment of the magistrate, which is as follows: ·

"(1) Because the magistrate erred in overruling defendant's (Southern Railway Company) motion for a nonsuit and directed verdict, and in rendering judgment for plaintiff in any amount; the testimony clearly showing that the shipment was made on an open bill of lading, and that there is no testimony that title was reserved by plaintiff, or that plaintiff was the real party in interest at time of action."

2. Because the Circuit Judge erred in not sustaining appellant's second exception from the judgment of the magistrate, which is as follows:

"Because the magistrate erred in not granting motion of defendant, Southern Railway Company, for a nonsuit and directed verdict, and in rendering judgment against said defendant for any amount; the contract of shipment as set out in the bill of lading required the filing of a claim within a specified time, while all testimony showed no claim was ever filed."

3. Because the Circuit Judge erred in not sustaining appellant's third exception from the judgment of the magistrate, which is as follows:

"Because the magistrate erred in refusing to grant motion of defendant, Southern Railway Company, for a nonsuit and directed verdict, and in rendering judgment against said defendant for any amount, in holding that the consignee had the right to abandon the shipment on arrival at its destination, while he should have held that it was the duty of the consignee to accept the shipment and handle to the best advantage of all concerned, and file claim with carrier for the difference, if any, between the value at the time of shipment and its value on arrival at its destination."

4. Because the Circuit Judge erred in not sustaining appellant's fourth exception from the judgment of the magistrate, which is as follows:

"Because magistrate erred in rendering judgment against defendant, Southern Railway Company, for an amount greater than $72.05, it being admitted that the goods were sold at auction in spring of 1917 for $9.00, and plaintiff's counsel announcing that he would ask for judgment for full amount less $9.00, magistrate finding full amount to be $81.05."

5. Because the Circuit Judge erred in not sustaining appellant's fifth exception from the judgment of the magistrate, which is as follows:

"Because magistrate erred in holding defendant, Southern Railway Company, liable for the entire amount of the loss, while he should have, as plaintiff elected to sue both roads, prorated the amount in proportion to delay on each road; the testimony showing the shipment was in hands of defendant, Southern Railway Company, six days, and in hand of defendant, Carolina, Clinchfield & Ohio Railway Company, four days."

*Messrs. B. L. Abney, Cothran, Dean & Cothran, T. K. Earle* and *R. N. Ward,* for Southern Railway Company, appellant. *Messrs. Cothran, Dean & Cothran, T. K. Earle* and *R. N. Ward,* submit: *That actions must be prosecuted in the name of the real party in interest:* Code of Civil Procedure 1912, sec. 160. *The presumption of law is that on delivery of goods to carrier, on open bill of lading the title vests in consignee:* 93 S. E. 45 (Ga.). *It is well established that a carrier may provide by stipulation in bill of lading that claims for loss and damage to goods must be made within a certain time, provided the time be reasonable, or the carrier will not be liable:* 88 S. C. 505; 70 S. E. 1030; 91 S. C. 503; 74 S. E. 1071; 98 S. C. 300; 82 S. E. 418; 93 S. E. 387; 83 S. E. 686; 167 N. C. 641; 86 S. E. 624; 169 N. C. 723.

*A consignee has no right to abandon a shipment on its arrival at destination on account of delay or damaged condition, unless worthless, or so nearly so, as to be unprofitable to handle:* 38 S. C. 78; 91 S. C. 552; 82 S. C. 78; 79 S. C. 375.

*Mr. C. G. Wyche,* for respondent, submits: *The Supreme Court will not review findings of fact by the Circuit Court on appeal from magistrate's Court, and the Circuit Court confirmed magistrate's findings of fact:* 70 S. C. 178, 183; 70 S. C. 216. *The magistrate and the Circuit Court found from the testimony that the claim had been filed. A stipulation requiring the filing of claims within a certain time after delivery does not apply in cases where there is no delivery:* 91 S. C. 503. *Having admitted selling the trees, no further evidence is necessary to show conversion:* 48 S. C. 421, 427. *In this case it is clear that the expense of selling these damaged trees would have been much greater than the amount received for them, and when such is the case, plaintiff is not required to accept shipment:* 91 S. C. 556. *If defendant relies upon an agreement between counsel, it must be in writing:* Supreme Court Rule XVIII.

February 11, 1919.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The following statement appears in the record:

This action was instituted ·in magistrate's Court for Greenville county in March 22, 1917, for $90 damages on account of the alleged negligent delay to shipment of fruit trees delivered to defendant, Southern Railway Company, at Taylors, S. C., on 27th October, 1916, by plaintiff, consigned to J. A. Goode, at Mayo, S. C., at station on C., C. & O. Railway. The case was tried before Magistrate Daniel, without a jury, on July 30, 1917, and judgment rendered in favor of plaintiff and against defendant, Southern Railway Company, for $81.05. The case was duly appealed to the Circuit Court, and was heard before his Honor, Judge Spain,

at the November, 1917, term of Court of Common Pleas for Greenville county, and the judgment of the magistrate affirmed.

The complaint, omitting formal allegations, alleges: That plaintiff delivered to defendant, Southern Railway Company, at Taylors, S. C., on October 27, 1916, one box fruit trees and nursery products, marked "Perishable," consigned to J. A. Goode, Mayo, S. C., a station on defendant C., C. & O. Railway, calling attention of defendant's agent at Taylors to perishable nature of goods, and that said nursery products were for delivery to various parties at Mayo on November 1, 1916; that said shipment was negligently delayed, and did not reach Mayo by November 1, 1916, and did not arrive until a long time thereafter, and when same did arrive they were worthless.

The answer of defendant, Southern Railway Company, was a general denial, and set up a special defense, a clause in bill of lading reading as follows:

"Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

The defendant, Southern Railway Company, alone appealed from the order of the Circuit Court upon exceptions that will be reported.

The following is the return made by the magistrate before whom the case was tried:

"The above case was tried before me and decision rendered on August 13, 1917. I found my verdict for the plaintiff because the evidence showed, in my opinion, that by the negligent and careless handling of plaintiff's property by defendant, Southern Railway Company, plaintiff was damaged to the value of his said property, $81.05. I think there was some evidence of notice being given of the loss. The

trees were shipped to itself at Mayo, and plaintiff's agent called for the property, but could not get them. The testimony shows trees were in charge of Southern Railway from October 27th, when they were received by said road at Taylors, S. C., until at least the 4th of November, and possibly until the 6th of November, and these stations are only about 25 miles apart and no changes. I see no excuse for this delay, which of itself, according to the testimony, would render the trees valueless. As to appellant's fourth exception, the evidence shows that the $9 received by Southern Railway Company for the trees was never delivered to plaintiff; hence there was no reason why I should deduct this amount from the verdict. I had to decide the case according to the evidence, and not according to some understanding between attorneys, when the testimony showed that the amount of the verdict is proper. I did not see that there was any evidence against the C., C. & O. Ry. I thought all the motions made by defendant, Southern Railway, should be overruled. Respectfully, Jno. M. Daniel, Magistrate."

Under the head of "Appeal to the Circuit Court from an inferior Court," section 407 of the Code of Civil Procedure provides: "Upon hearing the appeal, the appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits;" which was done in this case.

Furthermore, the return made by the magistrate to the Circuit Court shows that the appellant's exceptions are predicated upon facts contrary to those stated in the return.

Appeal dismissed.